IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EVELYN BRUNDAGE** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 16-cv-03634-SAG |
| **MV TRANSPORTATION, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMAND**

Defendant, MV Transportation, Inc. (hereinafter "MV") by and through its attorneys, Andrew T. Stephenson, Carrie V. O'Brien and FRANKLIN & PROKOPIK, P.C. and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e), hereby files this Response in Opposition to Plaintiff, Evelyn Brundage's ("Plaintiff") Motion for Leave to Amend and Remand, and in support thereof states as follows:

**I.   INTRODUCTION & BACKGROUND**

This negligence claim was commenced by Plaintiff against MV in the Circuit Court for Baltimore City on August 22, 2016, Civil Case No. 24-C-16-004694. On November 4, 2016, a Notice of Removal was filed and docketed by MV. (*See* ECF 1). Plaintiff alleges that on July 29, 2014, she was picked up at her home located at 121 Lariat Road, Baltimore, Maryland, 21220 by an "employee" of MV who was operating a van for the Maryland Transit Administration ("MTA") Mobility Paratransit Services. *See* Am. Compl. ¶ 1. (ECF 3). MV is a subcontractor for the MTA's paratransit services. On July 29, 2014, Plaintiff alleges that MV's "employee" failed to provide Plaintiff with ramp access to the vehicle or otherwise offer any aid or assistance to Plaintiff and as Plaintiff was entering the vehicle, she fell. *Id.* ¶ ¶ 8,11.

1

As set forth in detail herein, Plaintiff's motion is nothing more than a transparent post-removal maneuver to attempt to defeat diversity jurisdiction by adding a non-diverse defendant, the "employee" driver, Angela Paige (hereinafter "Paige"), who is an unnecessary party for Plaintiff to obtain complete relief. In her motion, Plaintiff states that the "employee" driver, Paige, is a Baltimore City resident and a proper party to this lawsuit. The proposed Second Amended Complaint contains two negligence counts, one against Paige and the other against MV. Respectively, the operative allegations are simply that Paige breached her duty of reasonable care by failing to assist Plaintiff, and that MV is negligent based on a theory of *respondeat superior* for its employee.

The only material difference between the Amended Complaint and the Second Amended Complaint is the addition of Paige as a named defendant and corrections to various inaccuracies in the Amended Complaint.[1] Plaintiff does not allege that Paige is a *necessary* party to prove its allegations. Plaintiff's sole reason for seeking joinder of Paige is to defeat diversity jurisdiction, and as such, Plaintiff's Motion for Leave to Amend and Remand should be denied.

II. <u>**STANDARD OF REVIEW**</u>

Under 28 U.S.C. § 1447(e), an amendment joining an additional defendant should be denied if the purpose of the amendment is to defeat the court's jurisdiction and the amendment is unnecessary for the plaintiff to obtain complete relief. 28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."

---

[1] MV has no objection to Plaintiff's request for leave to amend to the Amended Complaint to correct factual errors as set forth on Pg. 3 of the motion, only Plaintiff's request for a remand to state court and for leave to amend to add Paige.

In exercising its discretion under Section 1447(e), the district court is entitled to consider all relevant factors, including: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999) (quoting *Coley v. Dragon Ltd.,* 138 F.R.D. 460, 465 (E.D.Va.1990). Upon consideration of these factors, the district court has two options: (1) deny joinder; or (2) permit joinder and remand the case to state court.

Plaintiff cites inapposite case law and authority concerning the fraudulent joinder doctrine. This doctrine is not the applicable standard on the joinder of a non-diverse defendant after removal, as is the case *sub judice.* The 4th Circuit in *Mayes* clearly set forth, "we agree that the doctrine does not directly apply after removal because the district court already possesses jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999). The standard to be employed is the discretionary standard of 1447 (e), and under that standard, as set forth herein, the Court should deny the motion.

III. **ARGUMENT**

    a. **The Clear Purpose of Plaintiff's Proposed Second Amended Complaint is to Defeat Diversity Jurisdiction.**

In balancing the equities as set forth in *Mayes supra*, the parties do not start out on an equal footing. This is because the diverse defendant's right to choose between a state or federal forum is the very crux of removal statutes. As such, the district court must carefully scrutinize Plaintiff's attempt to add a non-diverse defendant after removal. Especially where, as here, Plaintiff seeks to add a non-diverse defendant almost immediately after removal but before any additional significant discovery has taken place, district courts should be wary that the

3

amendment sought is for the specific purpose of avoiding federal jurisdiction. *See AIDS Counseling and Testing Centers,* 903 F.2d 1000 at 1003 (4th Cir. 1990). Careful scrutiny of attempts at post-removal, non-diverse joinder protects the diverse defendant's "interest in keeping the action in federal court." *See Coley v. Dragon Ltd.,* 138 F.R.D. 460 at 465 (E.D. Va. 1990) (citations omitted); *See also Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999).

By filing her combined Motion for Remand and Motion for Leave to amend the complaint to add the non-diverse defendant driver, Plaintiff broadcasts the true reason for seeking the amendment. Indeed, Plaintiff not only moved to amend her complaint, but in the very same document included a motion for remand with the expectation that the addition of Paige (a Baltimore city "resident") as a defendant was going to destroy diversity jurisdiction. Further, as set forth below in section (c) Paige is not a necessary party and the amendment is unnecessary for the Plaintiff to obtain complete relief.

### b. Plaintiff has been Dilatory in Seeking to Add the Driver, Angela Paige.

Plaintiff's motion provides no explanation as to the due diligence or investigation to ascertain the identity of the driver prior to filing suit in the Circuit Court for Baltimore City. Other federal courts have noted that the inquiry into determining whether a plaintiff has been dilatory in seeking to join additional defendants focuses on whether the plaintiff "had ample opportunity to ascertain" the identity of the non-diverse defendant without formal discovery. *See Smith v. White Consol. Indus.*, 229 F. Supp. 2d 1275 at 1282 (N.D. Ala. 2002); *see also Sexton v. G&K Services, Inc.*, 51 F. Supp. 2d 1311 at 1314 (N.D. Ala. 1999). Plaintiff offers no rationale or explanation why no investigation was performed to identify Paige when the complaint was filed in the Circuit Court for Baltimore City on August 22, 2016 or anytime thereafter until the date of Plaintiff's Motion to Remand. Plaintiff and her counsel had all necessary resources to

perform such an inquiry and include Paige as a defendant in the state action if she was an indispensable party to her claim as alleged.

In Plaintiff's initial disclosures, Plaintiff provided her MTA Mobility/Paratransit Ride Guide which included an entire list of contact information for MTA representatives to assist with Plaintiff's mobility subscription. As a long term customer of MTA mobility, Plaintiff's counsel provides no explanation why neither Plaintiff nor her counsel contacted or submitted a request to MTA to learn of the identity of her driver on July 29, 2014, so that her counsel could add the driver before suit was filed in the Circuit Court for Baltimore City. Plaintiff's enrollment with the MTA mobility is documented in the Amended Complaint. (*See* ECF 1, ¶ 3). The identity of the driver of the MV vehicle was not exclusively within MV's possession and formal discovery was not required to obtain this information.

Plaintiff contends that after having deposed Road Supervisor, Anthony Knox, "Plaintiff now believes that she possesses information to amend her complaint." (*See* ECF 16, P. 7). This is an inaccurate representation. Mr. Knox had little, if any knowledge, concerning Paige and only testified as to his independent recollection of *responding* to the scene after the incident had already occurred. This is further evidenced by the fact that the factual allegations concerning the "employee" in the Amended Complaint are exactly the same as the allegations now against Paige, in the Second Amended Complaint. (*See* ECF 16, Ex. 2).

It appears that it was Plaintiff's strategy to schedule a few depositions and wait for MV's initial disclosures to be able to take the position that Paige's identity could only be revealed in discovery and then file a motion for remand (likely because of case law which discourages the filing a motion to amend and/or remand shortly after removal).[2] However, fatal to this strategy is

---

[2] See e.g. *See AIDS Counseling and Testing Centers, supra* 903 F.2d at 1003 (noting fact that "plaintiffs had filed their motion to amend shortly after the case was removed to federal court and before they had undertaken

the fact that Plaintiff can offer no explanation as to why no investigation was performed to identify Paige prior to filing in the complaint in the Circuit Court for Baltimore City. It is incomprehensible that no such investigation was performed when Plaintiff's motion alleges that "it would be patently absurd for her not to be named as a Defendant." (ECF 16, P. 6). This strategy is evidenced by the fact that Plaintiff received MV's initial disclosures identifying Paige on December 5, 2016, and did not file the foregoing motion until January 30, 2017.

### c. Plaintiff Does Not and Cannot Identify Any Legitimate Basis for Adding an Indisputably Unnecessary Party and MV Will be Prejudiced By a Remand.

In her motion, Plaintiff states that because Paige is the one who "under the law is most responsible." (ECF 16, P. 6). This allegation is directly contradictory with Plaintiff's allegations of *respondeat superior*, that her employer, MV, is jointly and severally liable. Plaintiff also asserts that she needs discovery from Paige "to ensure that her knowledge and recollection of the incident" is obtained. *Id.* Plaintiff alleges that without having Paige as a named defendant, she will be unable to obtain same. The parties and counsel are already working to schedule the deposition of Paige, which has no bearing on her status as a named or unnamed defendant. Plaintiff will be able to obtain Paige's "knowledge and recollection of the incident" by deposing her.

MV admits that at all times relevant to the Amended Complaint and Second Amended Complaint, Paige was acting as its employee and was acting within the scope of her employment. Furthermore, MV has a liability policy which has limits of insurance coverage that will satisfy any judgment that may be entered in this case. Therefore, the addition of Paige has no impact on this case and adding Paige as a defendant is not necessary for Plaintiff to obtain complete relief.

---

any discovery" supported denial of motion to amend) (cited by *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)).

Accordingly, an Order granting Plaintiff's request to amend and remand would prejudice MV, as it has now defended this action since the Notice of Removal was filed on November 4, 2016, participated in discovery depositions, provided initial disclosures, scheduled an independent medical evaluation, received written discovery, and began drafting written discovery responses, only to have the matter remanded. This lawsuit was filed in the Circuit Court for Baltimore City on August 22, 2016, to remand the case six (6) months later would be a significant delay and hindrance to MV when discovery has already been initiated in this Court and the Plaintiff's delay in joining the non-diverse defendant is dilatory and calculated.

## IV. CONCLUSION

For the reasons set forth herein, Defendant, MV Transportation, Inc. respectfully requests that this Honorable Court deny Plaintiff's Motion for Leave to Amend and Remand pursuant to the discretionary standard of Section 1447 (e), which disfavors joining an additional non-diverse defendant, after removal, when the purpose of the amendment is to defeat the court's jurisdiction and the amendment is unnecessary for the plaintiff to obtain complete relief.

Respectfully submitted,

_____/s/_____
Andrew T. Stephenson (#25604)
Carrie V. O'Brien (#18857)
FRANKLIN & PROKOPIK, P.C.
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland  21201
(410) 752-8700
(410) 752-6868 (fax)
astephenson@fandpnet.com
cobrien@fandpnet.com
*Attorneys for Defendant*, *MV Transportation, Inc.*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February 2017, a copy of the foregoing *Response in Opposition to Plaintiff's Motion for Leave to Amend and Remand* was e-filed and e-served electronically via *ECF* to:

Michael A. Pulver, Esquire
Thomas F. Yost, Jr., P.A.
341 N. Calvert Street, Suite 100
Baltimore, MD 21202
*Attorneys for Plaintiff, Evelyn Brundage*


_____/s/_____
Carrie V. O'Brien