IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **EVELYN BRUNDAGE,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-16-cv-3634 |
| **MV TRANSPORTATION, INC.** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Evelyn Brundage ("Plaintiff") brought this action against Defendant MV Transportation, Inc. ("MV") for injuries she sustained while attempting to board a van MV operated for Maryland Transit Administration Mobility Paratransit Services ("MTA Mobility"). *See* [ECF No. 3]. The parties consented to proceed before a magistrate judge. *See* [ECF Nos. 11, 13]. Now pending are Plaintiff's Motion for Leave to Amend and Remand ("Motion to Amend"), [ECF No. 16], Defendant's Motion to Permit Filing of Audio Recording ("Motion to File Audio Recording"), [ECF No. 20], and Plaintiff's Motion to Strike Defendant's Supplement, [ECF No. 22]. I have considered these motions and the other related filings. [ECF Nos. 17, 18, 21, 23]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth herein, Plaintiff's Motion to Amend will be GRANTED IN PART and DENIED IN PART, Defendant's Motion to File Audio Recording will be DENIED, and Plaintiff's Motion to Strike Defendant's Supplement will be DENIED.

**I.    FACTUAL BACKGROUND**

On July 29, 2014, Plaintiff fell and severely injured her shoulder while attempting to enter an MTA Mobility van outside of her home in Baltimore, Maryland. *See* Pl.'s Am. Compl.,

1

[ECF No. 3 at ¶¶ 1, 11]. MV owned and operated the van pursuant to a transportation service contract with MTA Mobility. *See id.* at ¶ 4. According to Plaintiff, the driver of the van ("MV Employee") breached a duty owed by paratransit operators to ensure the safe transport of disabled passengers by failing to help Plaintiff safely board the van. *See id.* at ¶¶ 3-14.

Plaintiff filed suit against MV in the Circuit Court for Baltimore City under a *respondeat superior* theory of liability. *See id.* Thereafter, MV, a California corporation headquartered in Texas, removed the case to this Court under 28 U.S.C. § 1441, invoking the Court's original jurisdiction pursuant to 28 U.S.C. § 1332. *See* [ECF No. 1]. Plaintiff filed an amended complaint ("First Amended Complaint") the same day that MV removed the case. *See* Pl.'s Am. Compl., [ECF No. 3]. On November 28, 2016, the Court issued a Scheduling Order, *see* [ECF No. 10], and the parties have since engaged in discovery efforts including exchanging Federal Rule of Civil Procedure 26(a)(1) initial disclosures, participating in expert and witness depositions, serving written discovery, and conducting an independent medical examination of Plaintiff's injuries. *See* Pl.'s Mot., [ECF No. 16, 3]; Def.'s Opp., [ECF No. 17, 7]; Def.'s Supp., [ECF No. 21, 3]. Plaintiff now timely moves to file a Second Amended Complaint in order to 1) join the MV driver, Angela Paige, as a non-diverse defendant to the suit, and 2) correct factual errors in the First Amended Complaint. *See* Pl.'s Mot., [ECF No. 16, 1 & Ex. 2]. Plaintiff simultaneously moves to remand this matter to the Circuit Court for Baltimore City, because joining Ms. Paige necessarily defeats the Court's diversity jurisdiction. *See* Pl.'s Reply, [ECF No. 18, 4 n.1]. MV consents to Plaintiff's proposed factual amendments, Def.'s Opp., [ECF No. 17, 2 at n.1], but opposes Plaintiff's desire to join a non-diverse party. *Id.*

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(B). Furthermore, the Rule requires courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has liberally construed this standard, such that leave to amend should be denied only if prejudice, bad faith, or futility is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

The decision whether to allow a party to join a non-diverse defendant after a case has been removed rests within the "sound discretion" of the district court. *Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999). In such cases, the district court "may deny the joinder, or may permit the joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "In exercising its discretion under Section 1447(e), the district court [is] entitled to consider all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Mayes*, 198 F.3d at 462 (citations omitted). In addition, though the fraudulent joinder doctrine does not directly apply to post-removal cases, the district court may consider, as one factor, whether the movant seeks to join a non-diverse party solely to deprive the court of diversity jurisdiction. *Id.* at 463.

### III. DISCUSSION

#### 1. Factual Corrections

Plaintiff proposes two relatively minor factual corrections to the First Amended Complaint. First, Plaintiff now alleges she fell and injured her left shoulder, rather than her right shoulder. *See* Pl.'s Mot., [ECF No. 16, 3]  Second, while Plaintiff originally claimed that Ms. Paige drove across a double yellow line in the roadway prior to pulling up to Plaintiff's home, Plaintiff now indicates that the roadway does not have marked traffic lanes. *Id.*  As previously noted, MV does not oppose Plaintiff's proposed factual amendments. Def.'s Opp., [ECF No. 17, 2 at n.1].  With MV's consent, and finding no indicia of prejudice, bad faith, or futility to otherwise warrant denial of these amendments, *see Johnson,* 785 F.2d at 509, the Court grants Plaintiff's motion to file a Second Amended Complaint containing the factual corrections.[1]

#### 2. Joinder of Non-Diverse Party

Plaintiff also proposes to join Ms. Paige, an MV Employee and a resident of Baltimore City, as an additional defendant whose negligence directly caused Plaintiff "serious and permanent injuries." *See* Pl.'s Mot., [ECF No. 16, 1-4 & Ex. 4].  The parties offer lengthy and opposing accounts regarding whether the equities favor or disfavor permitting Plaintiff's proposed joinder of a non-diverse party. *See* Pl.'s Mot., [ECF No. 16, 3-9]; Def.'s Opp., [ECF No. 17, 3-7]; Pl.'s Reply, [ECF No. 18, 3-10].  Ultimately,

> [t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment and should conduct a balancing of the equities involved. On the one hand is the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of

---

[1] The Court also grants Plaintiff leave to identify Ms. Paige as the previously unnamed MV Employee in the Second Amended Complaint, for the purpose of providing "a clearer and more definite idea of how the Plaintiff alleges the subject incident occurred." Pl.'s Mot., [ECF No. 16, 4].

> judicial resources. On the other hand, the diverse defendant has an interest in
> keeping the action in federal court.

*Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990) (citations omitted).

Here, the chronology of events and Plaintiff's inadequate explanation for the delay in naming an individual defendant suggest that Plaintiff seeks this amendment for the purpose of defeating this Court's subject matter jurisdiction. Plaintiff admits to having learned Ms. Paige's name on the date of the incident from Ms. Paige's supervisor – well before filing the initial complaint in the Circuit Court for Baltimore City. Pl.'s Reply, [ECF No. 18, 8].[2] While MV incorrectly alleges that Plaintiff concealed this fact from opposing counsel and the Court, *see* Def.'s Supp., [ECF No. 21, 2], Plaintiff cited this fact in a footnote and attempted to create some ambiguity between knowing Ms. Paige's name and knowing her "actual identity." Pl.'s Mot., [ECF No. 16, 2 n.1]. At no time, however, does Plaintiff deny that Ms. Paige's central role in the subject incident constituted the basis of Plaintiff's *respondeat superior* cause of action against MV. Accordingly, even having only Ms. Paige's name, Plaintiff possessed sufficient

---

[2] In a supplement, MV claims that Plaintiff misrepresented first learning of Ms. Paige's identity during MV's Federal Rule 26(a)(1) initial disclosures "when in fact, Plaintiff has known the identity of the driver since at least July 30, 2014 and a recorded statement in her own mobility file contained the information which was requested by MV in discovery." Def.'s Supp., [ECF No. 21, 2]. MV thereafter sought permission to file a copy of the recorded statement as an exhibit to its supplement. *See* Def.'s Mot. to Permit Audio Recording, [ECF No. 20]. In fact, however, Plaintiff's Motion to Amend acknowledges that Plaintiff "had been told the name of the driver" prior to initiating this action. Pl.'s Mot., [ECF No. 16, 2 n.1]. Consequently, although MV's supplement was filed without leave of court, its contents do not prejudice Plaintiff and do not materially affect this Court's analysis. Therefore, Plaintiff's Motion to Strike Defendant's Supplement, [ECF No. 22], will be denied, and MV's Motion to File Audio Recording, [ECF No. 20], will also be denied.

information to name Ms. Paige as a defendant in the initial complaint.[3] Nor does the timing of Plaintiff's Motion coincide with Plaintiff's confirmation of Ms. Paige's identity and address: Plaintiff received MV's Federal Rule 26(a)(1) disclosures on December 5, 2016, *see id.* at Ex. 4, but waited nearly two additional months before moving to add Ms. Paige. *See* Pl.'s Mot., [ECF No. 16]. Although, then, Plaintiff's Motion is timely filed under the Scheduling Order, Plaintiff was dilatory in moving to join Ms. Paige as a defendant. Plaintiff insists that "[h]ad the actual identity of Angela Paige been known when the initial Complaint in this matter were [*sic*] filed, she would have certainly been included as a named defendant." *Id.* at 4. Indeed, by Plaintiff's own admission, Ms. Paige's identity was known, and she should have been included as a named defendant prior to the instant Motion.

Moreover, Plaintiff will not be significantly injured if the Court denies the proposed joinder. Although Plaintiff seeks to hold Ms. Paige personally accountable for her negligent conduct, *see* Pl.'s Mot., [ECF No. 16, 3 & 6]; Pl.'s Reply, [ECF No. 18, 3-4], Plaintiff does not raise additional theories of liability or facts with respect to Ms. Paige upon which Plaintiff could recover "greater or different relief[.]" *Newman v. Motorola, Inc.*, 218 F. Supp. 2d 783, 787 (D. Md. 2002) (denying motion to amend where plaintiff failed to establish that denying joinder would cause significant injury in the form of reduced recovery from existing defendants); *see* Pl.'s Mot., [ECF No. 16, 4]. If successful in establishing Ms. Paige's negligence, the doctrine of

---

[3] If Plaintiff had truly been concerned about the validity of the identification as "Angela Paige" despite the documentation in her possession, Plaintiff could have named a "Jane Doe" MV Employee. Alternatively, just as Plaintiff replaced MV for Transdev North America, Inc. in the First Amended Complaint when it learned of the erroneous identification, *see* [ECF No. 3], Plaintiff could have named Angela Paige as the individual tortfeasor in the initial complaint, even if the discovery process later revealed information requiring Plaintiff to substitute a different MV Employee. The failure to indicate any intent to sue the individual driver lends credence to MV's assertion that the motion to add Ms. Paige as a defendant is for the sole purpose of returning the case to state court.

*respondeat superior* under Maryland law permits Plaintiff to recover all compensatory and punitive damages from MV in federal court.  *See, e.g., Jones v. Family Health Centers of Baltimore,* 135 F. Supp. 3d 372, 382 (D. Md. 2015); *Silvera v. Home Depot U.S.A., Inc.*, 189 F. Supp. 2d 304, 308 (D. Md. 2002).  In fact, MV has conceded "that at all times relevant to the Amended Complaint and Second Amended Complaint, Paige was acting as its employee and was acting within the scope of her employment. … [Therefore,] adding Paige as a defendant is not necessary for Plaintiff to obtain complete relief."  Def.'s Opp., [ECF No. 17, 6].  Plaintiff also argues that denying the proposed joinder will also deny Plaintiff the "right to obtain full discovery from Ms. Paige[.]"  Pl.'s Mot., [ECF No. 16, 6].  However, Plaintiff enjoys the right to discover all non-privileged information relevant to Plaintiff's claims, and is free to depose Ms. Paige, to enforce compliance with discovery, and to seek sanctions if warranted.  *See* Fed. R. Civ. P. 26 & 37.  In fact, Ms. Paige's deposition is scheduled for April 10, 2017.  [ECF Nos. 25, 26].  As such, Plaintiff will not be prejudiced in the discovery of information needed to prevail in this matter if the proposed joinder is denied.

Lastly, Plaintiff maintains that if MV cannot carry the burden of proving fraudulent joinder, the equities weigh heavily in favor of granting leave to join Ms. Paige and remanding the case to state court. Pl.'s Mot., [ECF No. 16, 8-9].  However, following removal, fraudulent joinder of a non-diverse defendant becomes a non-dispositive element to be considered in the court's analysis.  *See Mayes*, 198 F.3d at 463-64.  In the instant case, MV does not allege fraudulent joinder, and does not need to establish fraudulent joinder to defeat the proposed amendment.  *Id.*

> Although the plaintiff is, of course, the 'master of his complaint", *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996), and has the power to select the initial forum in which he files suit, Congress has also provided defendants with certain rights.  One such right is the right of removal.  *See, e.g. King v. Marriott*

7

*Intern., Inc.*, 337 F.3d 421, 424 (4th Cir. 2003) (noting that 'the federal removal statute allows a *defendant* to remove certain claims originally brought in state court into federal court") (emphasis added).

*Faye v. High's of Baltimore*, 541 F. Supp. 2d 752, 756 (D. Md. 2008). Moreover, "'[t]he liberal amendment provisions of Rule 15(a) are designed to help the parties and the court reach the merits of a dispute; they should not be applied in a manner that frustrates that very function." *Id*. at 758 (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87) (C.D. Cal. 1999). An analysis of the relevant factors in this case support, on balance, the conclusion that the belated joinder of Ms. Paige, apparently for the purpose of procuring remand, should be denied.

## IV. CONCLUSION

For the reasons explained herein, Plaintiff's Motion For Leave to Amend and Remand, [ECF No. 16], is GRANTED IN PART as to the proposed factual corrections discussed herein and DENIED IN PART as to the proposed joinder of Angela Paige as a defendant and the remand to the Circuit Court for Baltimore City. MV's Motion to File Audio Recording, [ECF No. 20], is DENIED. Plaintiff's Motion to Strike Defendant's Supplement, [ECF No. 22], is DENIED.

Dated: April 3, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge